# EXHIBIT A-39




**DISTRICT OF COLUMBIA COURT OF APPEALS**

**BOARD ON PROFESSIONAL RESPONSIBILITY**

**Under Seal**

| | |
|---|---|
| **In the Matter of** | |
| **JEFFREY B. CLARK** | **Disciplinary Docket No.** |
| **A Member of the Bar of the District of Columbia Court of Appeals** | **2021-D193** |
| **Bar No. 455315** | **UNDER SEAL** |
| **Date of Admission: July 7, 1997** | |




**SEALED RESPONSE TO THE BOARD'S AUGUST 8TH SEALING ORDER INCLUDING A CALL FOR AFFIRMATIVE RELIEF AND INCORPORATED MOTION TO SEAL**

Comes now the Respondent and submits proposed redacted filings pursuant to this Board's August 8th Order. Respondent seeks clarification on the scope of the Order and requests that all of the proceedings be sealed.

## PROCEDURAL BACKGROUND

On August 3 Respondent filed a Motion for Extension of Time to file a response to the Office of Disciplinary Counsel's (ODC's) petition. Mtn. to Extend (8/3/22).[1] The motion relied among other things on [REDACTED] and

[1] The Motion was later granted by the Hearing Committee over strenuous ODC objection.

impairment of Respondent's ability to defend this case caused by DOJ seizure of most of his electronic devices. *Id.* at 2-3. [redacted]

On August 5, Respondent moved to seal the Motion to Extend and related reply brief. ODC consented to the request. Although the motion did not specifically reference the DOJ seizure, it requested that the filings be placed under seal in their entirety. ODC also moved to seal its opposition to the Motion for Extension.

On August 8th the Board issued an Order granting all motions to seal but ordering redacted versions of all pleadings be filed publicly. The Order called for redaction of "confidential information" [redacted]

On August 8th, ODC filed a redacted version of its opposition but failed to redact [redacted]

[redacted].

**EXPLANATION OF RESPONDENT'S PROPOSED REDACTIONS**

**I.** [redacted]

As stated above, this Board has allowed redaction [redacted]. This Order of the Board should naturally be read to include [redacted]. Interpreting this Order any other way would [redacted]

Specifically, ODC's false allegations that Respondent attempted to avoid service of process in bad faith, and Respondent's response thereto, should be received by this Board under seal. [redacted]

## II. Information Relating to the Current Criminal Investigation[2] of Respondent Should be Redacted and Received by This Board Under Seal.

Although not specifically referenced in the Motions to Seal, Respondent submits that it would be appropriate to receive nonpublic information relating to the federal criminal investigation of Respondent under seal. Although federal agents' raid of Respondent's home was widely reported, Respondent's Motion for Extension reveals nonpublic details about his employment, communications between counsel and DOJ, and particular devices seized from Respondent's home. Mtn. at 2-3. Disclosing this information would prejudice Respondent's rights to privacy and assistance of counsel, and would also trigger unhelpful media efforts to "read between the lines" or even wildly speculate. Sealing this material will not prejudice the public's legitimate interest in these proceedings because, as stated already, the essential newsworthy fact that federal agents raided Respondent's residence has been long been public knowledge.

## III. All Proceedings Before the Board Should Remain Sealed [redacted]

On August 11, 2022 (tomorrow), Respondent will lodge with the Board a [redacted]

[2] Respondent denies all wrongdoing (criminal and otherwise) and believes the DOJ investigation of his public service is legally and factually flawed.



3

**RESPONDENT'S PROPOSED FILINGS**

Included with this filing are two redacted versions of Respondent's Motion for Extension and Reply. Exhibit B (Motion) and C (Reply) are redacted according to the requests made in this filing; [redacted] and to the pending federal investigation of Respondent are [redacted] redacted. Respondent proposes that if all proceedings running from the filing of the Charges are not to be placed under seal (our primary position) at the very least this set of redacted versions is the more appropriate response to the Board's August 8th order.

Out of an abundance of caution, and to avoid any perception of failure to comply with the August 8th order, however, Respondent has included a second set of redacted documents. *See* Ex. D (Motion) – E (Reply). [redacted]. Respondent submits, however, that these redactions flow from an unnatural and overly literal reading of the August 8th order. If the Board does not order the affirmative relief covered in the next section, at the very least it should receive Exhibits B & C, and not Exhibits D & E, as the official public version of the Motion for Extension defense filings. Relatedly, if the Court agrees that Exhibits B & C embody the better approach, it should order

Disciplinary Counsel to *re*-redact his own filing consistent with revised instructions to be issued by the Board.[4]

## INCORPORATED MOTION TO SEAL

Respondent respectfully requests that this Board receive the instant filing (i.e., this motion including Exhibit A) under seal. Under even the strictest reading of the Board's August 8th order, this filing by necessity references information ordered to be received under seal. And if the Board rejects our primary position that *all* filings in this case should be sealed and issues further guidance on the scope of the August 8th order's redaction provisions, Respondent will be pleased to submit a redacted version of this filing pursuant to that guidance.

## CONCLUSION

For the foregoing reasons, Respondent requests the Board to hold all filings under seal pending resolution of the matters before the Court of Appeals. In the alternative, Respondent requests this Board receive Exhibits B & C as a properly redacted filing pursuant to the August 8th order. Respondent further requests that this Board strike ODC's redacted filing with instructions to refile in conformity

---

[4] By proposing a preference for Exhibits B&C to be filed rather than Exhibits D&E, Respondent should not be interpreted to be waiving the broader argument made above in Section III. that *all filings* in this case should be placed under seal pending resolution of the sealed cased before the D.C. Court of Appeals.

with the Board's ruling on this pleading, insofar as ODC's redacted filing is at variance with those instructions.

Respectfully submitted this 10th day of August, 2022.

*/s/ Charles Burnham*

Charles Burnham
DC Bar No. 1003464
Burnham and Gorokhov, PLLC
1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

Robert A. Destro*
Ohio Bar #0024315
4532 Langston Blvd, #520
Arlington, VA 22207
202-319-5303
robert.destro@protonmail.com
**Motion for pro hac vice admission*

Harry W. MacDougald*
Georgia Bar No. 453076
Caldwell, Carlson, Elliott & DeLoach, LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com
* *Motion for pro hac vice admission*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served counsel for the opposing party with a copy of this ***Motion to File Under Seal*** by U.S. First Class Mail with sufficient postage thereon to insure delivery, and by email addressed to:

Hamilton P. Fox
Jason R. Horrell
D.C. Bar
Building A, Room 117
515 5th Street NW
Washington DC 20001
foxp@dcodc.org

This this 10 day of August, 2022.

*/s/ Charles Burnham*

Charles Burnham
DC Bar No. 1003464
1424 K Street, NW
Suite 500
Washington DC 20005
(202)3866920
charles@burnhamgorokhov.com

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**BOARD ON PROFESSIONAL RESPONSIBILITY**

| | |
|---|---|
| **In the Matter of** | |
| **JEFFREY B. CLARK** | **Disciplinary Docket No.** |
| **A Member of the Bar of the District of Columbia Court of Appeals** | **2021-D193** |
| **Bar No. 455315** | |
| **Date of Admission: July 7, 1997** | |

## EXPLANATORY NOTICE REGARDING OMITTED EXHIBITS

This filing is submitted to comply with the Board Chair's Order of September 2, 2022 regarding redactions.

That Order directed the public filing of documents filed under seal after August 8, but redacted in accordance with the September 2, 2022 Order. This filing is one such filing that is required to be made in redacted form.

The original sealed filing of this document included four Exhibits, A-E. These exhibits *are not attached to this public filing* for the following reasons:

| | |
|---|---|
| Exhibit A | This document would be redacted in its entirety under the September 2, Order, so there is no need to file it. |
| Exhibits B and C | Proposed redactions of Respondent's Motion for Extension of Time and Reply Brief in Support of Motion for Extension of Time that were rejected in the September 2 Order. |

| | |
|---|---|
| Exhibits D and E | Proposed narrower redactions of the same filings as Exhibits B and C. It is not necessary to file these here because the September 2 Order attached approved redactions of these documents and directed that they be filed by the Office of the Executive Attorney on September 6, 2022. |

If this treatment of the Exhibits is not acceptable to the Hearing Committee or the Board Chair, Respondent will promptly re-file as directed.

Respectfully submitted this 8 day of September, 2022.

*/s/ Charles Burnham*
Charles Burnham
DC Bar No. 1003464
Burnham and Gorokhov, PLLC
1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com

Robert A. Destro*
Ohio Bar #0024315
4532 Langston Blvd, #520
Arlington, VA 22207
202-319-5303
robert.destro@protonmail.com
**Motion for pro hac vice admission in progress*

Harry W. MacDougald*
Georgia Bar No. 453076
Caldwell, Carlson, Elliott & DeLoach, LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com
** Motion for pro hac vice admission in progress*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day served counsel for the opposing party with a copy of this *Explanatory Notice Regarding Omitted Exhibits* by U.S. First Class Mail with sufficient postage thereon to insure delivery, and by email addressed to:

Hamilton P. Fox
Jason R. Horrell
D.C. Bar
Building A, Room 117
515 5th Street NW
Washington DC 20001
foxp@dcodc.org

This this 8 day of September, 2022.

*/s/ Charles Burnham*
Charles Burnham
DC Bar No. 1003464

1424 K Street, NW
Suite 500
Washington DC 20005
(202) 386-6920
charles@burnhamgorokhov.com