# EXHIBIT A-56

**Respondent's Note re Subpoena to D. Smith**

The O'Neill email made part of this Exhibit says that a subpoena has been issued to D. Smith (likely by some court or adjunct of the State of Illinois), but ODC has not shared a copy of that subpoena with Respondent or his counsel. The September 26, 2022 letter ODC sent to Illinois authorities contains a draft subpoena to D. Smith, however, which is why we include it here.

From: **Phil Fox** <FoxP@dcodc.org>
Date: Fri, Oct 14, 2022 at 11:36 AM
Subject: FW: [EXT]Subpoena in re disciplinary proceeding
To: Harry MacDougald <hmacdougald@ccedlaw.com>, Charles Burnham <charles@burnhamgorokhov.com>, robert.destro@protonmail.com <robert.destro@protonmail.com>
Cc: Jason Horrell <horrellj@dcodc.org>, Azadeh Matinpour <matinpoura@dcodc.org>, Angela Thornton <thorntona@dcodc.org>


FYI

**From:** O'Neil, David A. <daoneil@debevoise.com>
**Sent:** Friday, October 14, 2022 10:45 AM
**To:** Phil Fox <FoxP@dcodc.org>
**Subject:** [EXT]Subpoena in re disciplinary proceeding

Dear Mr. Fox,

I am counsel for Douglas Smith. As discussed on the phone, you have agreed to provide a two-week extension to respond to the subpoena issued to Mr. Smith in Disciplinary Docket No. 2021-D193. As extended, the due date is now October 31, 2022.

Best,

Dave O'Neil



--
Charles Burnham
Burnham & Gorokhov PLLC
1424 K St. NW
Washington, DC 20005
phone 202-386-6920
fax 202-765-2173
www.burnhamgorokhov.com
https://www.facebook.com/BurnhamGorokhov



# OFFICE OF DISCIPLINARY COUNSEL

September 26, 2022

**Hamilton P. Fox, III**
*Disciplinary Counsel*

**Julia L. Porter**
*Deputy Disciplinary Counsel*

*Senior Assistant Disciplinary Counsel*
Myles V. Lynk
Becky Neal

*Assistant Disciplinary Counsel*
Jerri U. Dunston
Dru Foster
Jason R. Horrell
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Joseph C. Perry
Melissa J. Rolffot
William R. Ross
Caroll Donayre Somoza
Traci M. Tait
Cynthia G. Wright

*Senior Staff Attorney*
Lawrence K. Bloom

*Staff Attorney*
Amanda Ureña
Angela Walker

*Manager, Forensic Investigations*
Charles M. Anderson

*Investigative Attorney*
Azadeh Matinpour

Steven Splitt, Esquire
Senior Appellate Counsel & Public Information Officer
Attorney Registration & Disciplinary Commission
    of the Supreme Court of Illinois
130 E. Randolph Drive, Suite 1500
Chicago, IL 60601

Via email only to ssplitt@iardc.org

> *In re Jeffrey B. Clark*
> **Board Docket No. 22-BD-039**
> **Disciplinary Docket No. 2021-D193**

Dear Mr. Splitt:

In October 2021, this Office docketed an investigation regarding Jeffrey B. Clark, who is a member of the DC Bar. On July 19, 2022, we filed a Specification of Charges against Mr. Clark with the Board on Professional Responsibility. This matter, which is now public, concerns whether Mr. Clark violated Rule 8.4 of the D.C. Rules of Professional Conduct.

During the relevant time, Mr. Clark worked at the Department of Justice with Douglas G. Smith, who is an attorney now residing and working in Illinois. Mr. Smith is admitted in both Illinois and the District of Columbia. We believe Mr. Smith may have evidence relevant to our investigation; however, he has not responded to our numerous attempts to contact him. Accordingly, we request your assistance under Rule 754(b)(5) of the Illinois Supreme Court Rules on Admission and Discipline of Attorneys to apply for the issuance of a subpoena *duces tecum* by the Illinois Supreme Court.

We have enclosed a subpoena attachment, which describes in detail the documents we seek. We are not seeking privileged information, such as confidential communications between an attorney and his clients for the purpose of obtaining legal advice. The Department of Justice has issued a *Touhy* letter authorizing Mr. Smith to provide us information. A copy is enclosed.

Steven Splitt, Esquire
Sr. Appellate Counsel & Public
  Information Officer
In re Jeffrey B. Clark
Disciplinary Docket No. 2021-D193
Page 2

      Under D.C. Bar R. XI, § 18(a), Disciplinary Counsel is authorized to issue subpoenas for documents during its investigation, but those subpoenas cannot be enforced against persons residing or working more than 25 miles from the D.C. courthouse.  Rule XI, § 18(f) permits Disciplinary Counsel to apply for subpoena assistance in another jurisdiction pursuant to that jurisdiction's rules when doing so is in aid of a disciplinary investigation or proceeding.  We have enclosed a copy of that Rule.

      We understand that a subpoena issued pursuant to Rule 754(b)(5) will require Mr. Smith to appear and produce responsive documents "in the county in Illinois in which the witness resided, is employed, or is served with the subpoena."  As indicated on the enclosed subpoena attachment, we will accept document production by electronic transmission without the need for a personal appearance.  If that option is not feasible, then we propose, subject to your agreement, that Mr. Smith appear at the office of the Illinois Attorney Registration and Disciplinary Commission.  We will then arrange to get from you whatever documents he produces.

      Please do not hesitate to contact me or Assistant Disciplinary Counsel Jason Horrell if you need additional information for this request.  My email address is foxp@dcodc.org and my direct line is (202) 454-1728.  Mr. Horrell can be reached by email at horrellj@dcodc.org or by phone at (202) 454-1731.

      Very sincerely yours,

*Hamilton P. Fox, III*
Hamilton P. Fox, III
Disciplinary Counsel

Enclosures:   Subpoena attachment
              D.C. Bar R. XI, § 18
              *Touhy* authorization letter

cc:   Respondent's counsel (by email only) to
      Charles Burnham, charles@burnhamgorokhov.com
      Harry MacDougald, hmacdougald@ccedlaw.com
      Robert Destro, robert.destro@protonmail.com

    HPF:JRH:act

# **ATTACHMENT TO SUBPOENA**

*In re Jeffrey B. Clark*
**Board Docket No. 22-BD-039**
**Disciplinary Docket No. 2021-D193**

**Subpoena issued on _____, 2022**
*Please respond by _____, 2022*

Produce all documents and records (stored in hard copy or electronically), of which you were aware before January 4, 2021, that contain evidence of irregularities in the 2020 presidential election and that may have affected the outcome in Georgia or any other state. The terms "documents" and "records" should be interpreted broadly to include all recorded materials, whether written or electronic, including statements or declarations of witnesses. Identify the source of any document (including contact information for any persons bringing the document to your attention), how it came to your attention, and the date that it came to your attention. With respect to any witness statements or declarations, provide contact information sufficient to locate the witness. Specify what information of election fraud came to your attention following the announcement of Attorney General Barr on December 1, 2020, that the Department had found no evidence of fraud on a scale that could have affected the results of the presidential election.

Produce any file or collection of materials or correspondence, written or electronic, relating to any efforts that you made, or assisted with in any way, between the November 3, 2020, presidential election and January 4, 2021, to persuade officials of the United States Department of Justice to intervene in the certification by any state, specifically including Georgia, of the results of that election. These materials should include any notes that you took or notes of others that you maintained of meetings or telephone calls relating to this subject. Again, you should err on the side of inclusion.

Attachment to Subpoena continues
*In re Jeffrey B. Clark*
Page 2

Provide the results of any legal research that you conducted, had conducted, or received before January 4, 2021, that relate to the authority of the United States Department of Justice to intervene in the certification by any state of the results of a presidential election, including the circumstances under which the Department is authorized to intervene, the quantum of proof necessary for such an intervention, the officials within the Department whose responsibility it is to initiate such an intervention, and the form that such intervention should take. This information should include any research that addresses the responsibility of the Assistant Attorney General of the Civil Division or the Assistant Attorney General of the Environmental and Natural Resources Division to investigate allegations of election fraud.

**DISCIPLINARY COUNSEL WILL ACCEPT DELIVERY OF RESPONSIVE DOCUMENTS TO OUR OFFICE WITHOUT THE NEED FOR A PERSONAL APPEARANCE. PLEASE CONTACT OUR OFFICE TO ARRANGE FOR ELECTRONIC TRANSMISSION OF ALL FILES. IF ELECTRONIC TRANSMISSION IS NOT FEASIBLE, THEN PRODUCE RESPONSIVE DOCUMENTS TO THE ILLINOIS ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, 130 E. RANDOLH DRIVE, SUITE 1500, CHICAGO, IL 60601, AT _____ [A.M.]/[P.M.] ON _____, 2022.**

**D.C. Bar Rule XI**

**Section 18. Subpoenas**

(a) *Issuance of subpoenas.* In carrying out this rule, any member of the Board, any member of a Hearing Committee in matters before the Committee, the Executive Attorney, or Disciplinary Counsel in matters under investigation may, subject to Superior Court Civil Rule 45, compel by subpoena the attendance of witnesses and the production of pertinent books, papers, documents, and other tangible objects at the time and place designated in the subpoena. An attorney who is a respondent in a disciplinary proceeding or is under investigation by Disciplinary Counsel may, subject to Superior Court Civil Rule 45, compel by subpoena the attendance of witnesses and the production of pertinent books, papers, documents, and other tangible objects before a Hearing Committee after formal disciplinary proceedings are instituted. Subpoena and witness fees and mileage costs shall be the same as those in the Superior Court.

(b) *Subpoenas issued during investigations.* A subpoena issued during the course of an investigation shall clearly state on its face that it is issued in connection with a confidential investigation under this rule. A consultation with an attorney by a person subpoenaed shall not be regarded as a breach of confidentiality.

(c) *Quashing subpoenas.* Any challenge to the validity of a subpoena issued in accordance with this section shall be heard and determined by a Hearing Committee designated by the Executive Attorney. The decision of the Hearing Committee shall not be subject to an interlocutory appeal but may be reviewed by the Board and subsequently by the Court as part of their review of the case in which the subpoena is issued.

(d) *Enforcement of subpoenas.* The Court may, upon proper application, enforce the attendance and testimony of any witnesses and the production of any documents or tangible objects so subpoenaed.

(e) *Subpoena pursuant to law of another jurisdiction.* Whenever a subpoena is sought in the District of Columbia pursuant to the law of another jurisdiction for use in lawyer discipline or disability investigations or proceedings in that jurisdiction, and where the application for issuance of the subpoena has been duly approved or authorized under the law of that jurisdiction, Disciplinary Counsel (in a case where the request is by the disciplinary authority of the foreign jurisdiction) or an attorney admitted to practice in this jurisdiction (in a case where the request is by a respondent in a proceeding in the foreign jurisdiction), may issue a subpoena as provided in this Section to compel the attendance of witnesses and production of documents in the District of Columbia, or elsewhere as agreed by the witnesses, for use in such foreign investigations or proceedings or in defense thereof. Service, enforcement and challenges to such subpoenas shall be as provided in this Section and incorporated rules.

(f) *Request for foreign subpoena in aid of proceeding in this jurisdiction.* In a lawyer discipline or disability investigation or proceeding pending in this jurisdiction, both Disciplinary Counsel and a respondent may apply for the issuance of subpoenas in other jurisdictions, pursuant to the rules of those jurisdictions, where such application is in aid of such investigation or proceeding

or in defense thereto, and to the extent that Disciplinary Counsel or the respondent could issue compulsory process or obtain formal prehearing discovery under the provisions of this Rule or the rules issued by the Board on Professional Responsibility.

https://www.dcbar.org/about/who-we-are/rules-and-bylaws/rules-governing-the-district-of-columbia-bar/rule-xi-disciplinary-proceedings



**U.S. Department of Justice**

Office of the Deputy Attorney General

---

*Bradley Weinsheimer*  Washington, D.C. 20530
Associate Deputy Attorney General  202-305-7848

Hamilton P. Fox, III
Disciplinary Counsel
Office of Disciplinary Counsel
515 5th Street, NW, Building A, Rm 117
Washington, D.C. 20001
Via email:  foxp@dcodc.org

Dear Mr. Fox:

      This responds to your request that the Department of Justice (Department) authorize certain current and former Department employees to provide the Office of Disciplinary Counsel with information relating to your investigation of Jeffrey B. Clark, a member of the D.C. Bar and formerly an Assistant Attorney General and Acting Assistant Attorney General in the Department.

      Specifically, your letter of December 2, 2021 to the Department states that, based upon a referral you received from the Chairman of the United States Senate Committee on the Judiciary, "you are investigating conduct that occurred between December 28, 2020, and January 4, 2021, that involved an attempt to send a letter to certain officials in Georgia stating that the Department was investigating election fraud claims and had information that the election results in several states were defective and unreliable."  Letter from Hamilton P. Fox, III to Jeffrey R. Ragsdale dated December 2, 2021 (Fox Letter).  Your letter notes that, "the allegations are that Mr. Clark attempted to have Acting Attorney General Jeffrey A. Rosen and Principal Associate Deputy Attorney General Richard Donoghue send the letter in question. Over the course of several days, Mr. Rosen and Mr. Donoghue met or spoke with Mr. Clark about this subject on several occasions. Both have given interviews on this subject to the Judiciary Committee, which has made them public."  Fox Letter at 2.

      As your letter further explains, the Office of Disciplinary Counsel is an arm of the District of Columbia Court of Appeals, and your investigations are confidential unless and until charges are brought.  You also have stated that you do not seek classified information, investigatory records, or confidential source information. If you do not bring charges, the interviews will remain confidential and if public testimony is needed, you will protect any confidential information through protective orders.  *See* Fox Letter at 2.  You also correctly observe that there is ample precedent for Department employees being interviewed and even testifying about their work at the Department in other D.C. Bar disciplinary proceedings.

      In light of the facts and circumstances presented in this matter, and noting that Department employees previously have been authorized to provide the information you seek to

congressional committees, and that much of that information already has been made public, the Department authorizes current and former Department employees Jeffrey A. Rosen, Richard Donoghue, Kenneth Klukowski, and Douglas G. Smith to provide information to the Office of Disciplinary Counsel and to testify at any D.C Bar disciplinary proceedings concerning what they may have learned while at the Department relating to the matter you have described in your letter. This authorization is limited to the scope as described in your letter and is with the understanding that the information provided will remain confidential unless charges are brought, and that the Department be afforded the opportunity to identify any confidential information that should be protected should there be a need for public testimony or disclosure.

      Please do not hesitate to contact me should you need any further assistance concerning this matter.

Sincerely,

*Bradley Weinsheimer*

Bradley Weinsheimer
Associate Deputy Attorney General