# EXHIBIT B-3



# OFFICE OF DISCIPLINARY COUNSEL

Hamilton P. Fox, III
*Disciplinary Counsel*

Julia L. Porter
*Deputy Disciplinary Counsel*

*Senior Assistant Disciplinary Counsel*
Myles V. Lynk
Becky Neal

*Assistant Disciplinary Counsel*
Jerri U. Dunston
Dru Foster
Jason R. Horrell
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Joseph C. Perry
Melissa J. Rolffot
William R. Ross
Caroll Donayre Somoza
Traci M. Tait
Cynthia G. Wright

*Senior Staff Attorney*
Lawrence K. Bloom

*Staff Attorney*
Amanda Ureña
Angela Walker

*Manager, Forensic Investigations*
Charles M. Anderson

*Investigative Attorney*
Azadeh Matinpour

February 3, 2022

**CONFIDENTIAL**

Harry W. MacDougald, Esquire
Caldwell, Carlson, Elliott & DeLoach, LLP
Two Ravinia Drive, Suite 1600
Atlanta, GA 30346

Via email to hmacdougald@CCEDlaw.com

       Re: **Clark/Disciplinary Counsel**
          **Disciplinary Docket No. 2021-D193**

Dear Mr. MacDougald:

  Accompanying this letter is a Motion to Compel that we filed with the Court of Appeals today. I am going to respond to a few, but not all, of the points raised in your two letters of January 31, 2021.

  First, I do not accept the position in the longer letter that it should not be taken as Mr. Clark's testimony. You are Mr. Clark's agent, and he is bound by your representations, even if he were not copied, which he was. In the District of Columbia, failure to cooperate with this Office may be a violation of Rule 8.4(d). *See* Comment [2] to that rule. Filing frivolous objections to these proceedings in an attempt to delay them may constitute a violation of that rule. Certainly not responding to our initial inquiry would be a violation. We have made no decision about charging Mr. Clark at this point, but we will consider that charge if we do. The purpose of my email on January 28 was to put you on notice of this possibility before you responded to our inquiry and subpoena. I also believe that assertion of the privilege against self-incrimination is admissible in a non-criminal case, and I wanted you to know that I would ask a hearing committee to draw an inference from Mr. Clark's having done so, should the case ever be presented. We can litigate the admissibility at that time, should it come, but I wanted you to be on notice before you made what I believe is a frivolous assertion.

Harry W. MacDougald, Esquire
Clark/Disciplinary Counsel
Disciplinary Docket No. 2021-D193
Page 2

  Second, with respect to your concerns about sharing information with Senator Durbin or his staff, we intend to do our best to maintain the confidentiality of this investigation. Pursuant to Board Rules 2.4 and 2.6, when we receive a complaint, we are required to inform the complainant as to whether we are docketing it. We did so with Senator Dubin, and that letter is included with the discovery we provided you on February 2, 2022. Our normal practice is to send to the complainant the response we get from the lawyer, which he is required to provide by Board Rule 2.8, to ask if there is any rebuttal. In many cases, the lawyer's response is sufficient for us to dismiss the complaint, but before we do so we want to send it to the complainant to see if there are any facts that we are missing. Of course, in most cases, the complainant has direct knowledge of the facts. There are some cases, generally involving public figures, where persons will complain to use based on something that has been in the news media, but about which they have no personal knowledge. In those instances, there is nothing to be gained by sending the lawyer's response to the complainant, and the concerns that you have expressed about matters becoming fodder for the news media come into play. We have the authority to open a matter even without a complaint, and we frequently do. (Frequently, we have already opened a matter before we received the complaint, although that was not the case here.) We open the case in our own name, and tell the complainant that we are not docketing the case in his or her name and will not report to him or her on the disposition.

  This case presents a hybrid situation. Senator Durbin and his staff have no first-hand knowledge of the events in question, but they are conducting an investigation of those events and do have information that might be of assistance to us. So, while I have opened the case with this Office, not Senator Durbin, as the complainant, we have acknowledged the docketing to Senator Durbin, and we reserve the right to contact his staff for additional information. Had Mr. Clark complied with his obligations under Board Rule 2.8, I would almost certainly not have sent his response to Senator Durbin or his staff, except for the unlikely situation where his response asserted facts about which they had some unique personal knowledge. I have no intention of sending your January 31st letters to them. Nor, had Mr. Clark complied with the subpoena, would I have sent those documents to Senator Durbin or his staff, and I have no intention of informing them of his non-compliance with either obligation. I have had very few contacts with the staff after receiving the Report; I asked for some emails, which they do not appear to have, and I asked for the names of counsel for the various witnesses so I could contact them instead of contacting persons who might be represented. I do not intend to have any additional contact with them unless there is some specific bit of information that they may have. If we end up dismissing the case, I shall inform them of that. (If we end up bringing a case, everything is public from that point.)

  As to your preemption point, you are obviously not familiar with 28 U.S. Code 530B. I am currently prosecuting four Department of Justice lawyers, all of which is a matter of public record. As to the rest of your arguments, you can raise the ones that you think are appropriate if and when we file charges.

Harry W. MacDougald, Esquire
Clark/Disciplinary Counsel
Disciplinary Docket No. 2021-D193
Page 3

      I will not seek to defer this matter under Board Rule 4.1.  I find it hypocritical for you to ask for such a deferral when you have told me that Mr. Clark is not cooperating with the investigations on the Hill.  In any event, I do not find waiting for the outcome of parallel matters to be helpful in resolving disciplinary matters as they rarely have preclusive effect.  Your request for the address of a contact member misunderstands the process.  There is no contact member until I ask for a deferral, seek to bring charges, or seek to dismiss a matter.  Only at that point is a contact member designated.  The contact member process is also *ex parte*.

      Nor do I intend at this point to engage in the procedures set forth in Board Rules 2.9 and 2.10.  Those procedures apply when we seek a Board order to compel compliance with discovery efforts.  Had we sought to compel compliance with Board Rule 2.8, we would have followed those procedures.  We have not filed a motion seeking that compliance, and your client will have to live with the consequences of our accepting your two January 31 letters as your response.  But we elected to proceed by use of a subpoena, which is permitted by D.C. Bar Rule XI, § 18, which also permits us to apply to the Court of Appeals for enforcement, as we have done.  Had you or Mr. Clark sought to negotiate the scope of the subpoenaed materials, we would have done so, as we did with the date of return. Instead, you chose to make a blanket assertion of the privilege against self-incrimination at the very last moment.

      Aside from these points, I do not intend to side-track this investigation by engaging in an extended debate with you on issues as arcane and irrelevant as your bill of attainder argument.  Nor do I intend to debate the facts or the legal implications of the facts until the investigation is complete.  It is my normal practice to send a draft specification of charges to a respondent and give him the opportunity to address them before they are filed.  I am not sure that makes much sense in light of the positions that you have taken, but we shall cross the bridge if we come to it.

      Very truly yours,

      *Hamilton P. Fox, III*

      Hamilton P. Fox, III
      Disciplinary Counsel

HPF:act